RECEIVED
IN LAKE CHARLES, LA.

MAY 13 2011

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00287-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| DAVID ALLEN LINDEMAN | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is a Motion for a Change of Venue (Rec. Doc. 108) filed by the defendant, David Allen Lindeman ("Lindeman"). The Government has filed an Opposition (Rec. Doc. 109).

Lindeman asserts that public feelings in this district would prevent a fair and impartial trial; that media coverage expanded beyond newspaper into internet blogs; and that the undersigned was married to Thad Minaldi, who was allegedly involved in a lawyer-contractor relationship with Calcasieu Marine Bank.

A district court is not required to grant a motion to transfer venue pursuant to Rule 21 of the Federal Rules of Criminal Procedure, absent a strong showing of prejudice. *Lipscomb*, 299 F.3d 303, 340 (5th Cir.2002). A "court must transfer [a criminal] proceeding ... to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." *Skilling v. United States*, --- U.S. ----, n. 11, 130 S.Ct. 2896, 2913 n. 11, 177 L.Ed.2d 619 (2010). When pretrial publicity is the basis for relief under Rule 21, a defendant must show that "the publicity inflamed the jury pool, pervasively

prejudiced the community against the defendant, probatively incriminated [him], or exceeded the sensationalism inherent in the crime." *Lipscomb*, 299 F.3d at 343 (internal citations omitted); *United States v. Wilcox* 631 F.3d 740, 747 ( 5th Cir. 2011).

Here, the record shows that the basis of Lindeman's complaint of pretrial publicity consists of an unsupported allegation of media coverage beyond newspapers to an internet blog. He states that because of the notoriety of the charges "prejudice of some sort is inevitable." The Government contends that Lindeman's submissions gave no indication of where these "blog" postings could be found or who was their readership. The Government asserts that Lindeman's claims of prejudice "are incredulous (sic) given the defendant's inability to allege anything of evidentiary value suggesting prejudice."

Lindeman also includes a vague allegation that the undersigned's former husband was involved in some sort of attorney-client relationship with Calcasieu Marine Bank. Lindemen does not include any details supporting this allegation, nor does he elucidate as to the significance of this allegation to his case.

The publicity here does not rise to the level of prejudicial pretrial publicity that the Fifth Circuit and the Supreme Court, have used as the basis of relief pursuant to Rule 21. For example, in *Skilling* the Supreme Court considered the convictions of a former chief executive officer of Enron, the Houston-based energy conglomerate, and at one time the seventh highest-revenue-grossing company in America. *See generally Skilling*, 130 S.Ct. at 2911. Enron's abrupt and calamitous bankruptcy invited a government investigation which uncovered a massive conspiracy. Skilling argued that community vitriol made it impossible for him to receive a fair trial in Houston. *Id.* at 2912. The district court rejected Skilling's arguments. That court found a presumption of

2

prejudice but explained that it had been remedied by prophylactic *voir dire*. *United States v. Skilling*, 554 F.3d 529, 561 (5th Cir.2009), *vacated in part on other grounds*, --- U.S. ----, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). The Supreme Court affirmed the district court's decision to deny Skilling's motion to change venue and concluded that even minimally, Skilling had failed to establish a presumption of prejudice. 130 S.Ct. at 2915. An examination of the Supreme Court's other precedent makes clear that Lindeman has failed to establish his entitlement to relief under Rule 21 of the Federal Rules of Criminal Procedure.

Lindeman also includes a request that he be permitted to appear "in civilian clothing" for *all* future appearances. Lindeman argues that the prison garb requirement manifests bias. Jurisprudence has established a defendant's appearance in jail garb can have a devastating effect on the jury. *See Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Lindeman is not, however, requesting civilian clothing for appearance before a jury or a jury pool, but for all appearances. He has not provided any law to support his contention that he is entitled to civilian clothing outside the presence of a jury, therefore that motion will be denied. Accordingly,

IT IS ORDERED that the defendant's Motion for Change of Venue IS DENIED.

IT IS FURTHER ORDERED that Lindeman's request to appear in civilian clothing at all future appearance IS DENIED.

Lake Charles, Louisiana, this 11 day of May, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3